IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BOBBY TATUM, | |
|     Plaintiff, | |
| v. | Case No. 25-cv-1474-NJR |
| WILLIAM CHRISTOPHER, BILLY AUSTIN, and KELLY BEAL, | |
|     Defendants. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Bobby Tatum, an inmate of the Illinois Department of Corrections who is currently incarcerated at Pinckneyville Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Shawnee Correctional Center.

On July 24, 2025, Tatum filed his Complaint alleging retaliation, excessive force, sexual assault, and conditions of confinement claims against officials at Shawnee (Doc. 1). On August 1, 2025, Tatum filed an Amended Complaint narrowing his claims to just three individuals (Doc. 11). The claims appeared to be duplicative of claims in another case, *Tatum v. Galloway*, Case No. 25-cv-1352-DWD, and the Court directed Tatum to show cause as to why this later filed case should not be dismissed (Doc. 23). Tatum responded that he had not properly exhausted his claims prior to filing the earlier case and sought to pursue the claims in this case now that they were exhausted (Doc. 24). He subsequently dismissed the previously filed case. *See Tatum v. Galloway*, Case No. 25-cv-1352-DWD,

1

Doc. 19. He also filed a motion to dismiss in this case but noted that he intended to pursue his claims in this case and sought to withdraw or dismiss the earlier filed case (Doc. 27). Because Tatum's motion merely informs the Court of his desire to proceed with this case, the motion (Doc. 27) and a motion for status of the motion (Doc. 28) are **DENIED as moot**.

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Amended Complaint

Tatum focuses his claims on just three defendants: William Christopher, Billy Austin, and Kelly Beal (Doc. 11, p. 2). He alleges that on August 6, 2023, after a use of force incident involving Correctional Officer ("C/O") Craig and Sergeant Plot, Lieutenant Austin and William Christopher walked Tatum through the prison while severely injured and with his pants and underwear on the ground at his ankles (*Id.* at p. 5). They exposed Tatum's private parts to other inmates and staff, refusing to pull Tatum's pants up despite his pleas for them to do so (*Id.*). They later dropped him to the ground on his head, causing him to lose consciousness (*Id.*). He awoke to Lieutenant Beal sexually assaulting him with a stick (*Id.*). All three officers then sexually assaulted him (*Id.* at p. 6). The officers yelled at the other inmates, informing them that this is what happens to inmates who file grievances and lawsuits against staff and Warden Galloway

(*Id.*). After the assault, the officers allegedly took Tatum to segregation where Sergeant Sherrod used excessive force and Beal denied Tatum's requests for medical care. Tatum was then placed him in a cell with unsanitary conditions (*Id.*). Tatum alleges a nurse tried to provide him medical care, but Beal told her to leave (*Id.*). Tatum was later informed that Warden Galloway ordered the three officers to attack and kill Tatum for filing lawsuits and grievances (*Id.*).

## **Preliminary Dismissals**

Tatum identifies a number of individuals in his statement of claim who he fails to identify as defendants in the case caption. He alleges that C/O Craig and Sergeant Plot used excessive force against him just prior to the events in this lawsuit, Sergeant Sherrod used excessive force upon Tatum's arrival at the segregation holding cell, and Warden Galloway ordered the sexual assault allegedly perpetrated by the named defendants in this case. In order to be a party in the case, a plaintiff must identify them in the case caption. *See* FED. R. CIV. P. 10(a); *Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005). Because he fails to identify these individuals as defendants, any potential claim against them is **DISMISSED without prejudice**.

Tatum also states in conclusory fashion that the defendants wrote a false disciplinary ticket against him. He later alleges that all three defendants violated his Fourteenth Amendment rights when they wrote a false disciplinary ticket against him to cover up their actions (Doc. 11, pp. 6-7). The receipt of a false disciplinary ticket does not, on its own, amount to a due process violation. *Hadley v. Peters*, 841 F. Supp. 850, 856 (C.D. Ill. 1994), aff'd, 70 F.3d 117 (7th Cir. 1995) (citations omitted); *see also Hanrahan v. Lane*,

747 F.2d 1137, 1140 (7th Cir. 1984). And Tatum fails to provide any allegations regarding the proceedings related to that ticket or its outcome. He fails to allege that his due process rights were violated in regard to the disciplinary ticket. Thus, any potential Fourteenth Amendment claim is **DISMISSED without prejudice**.

## Discussion

Based on the allegations in the Amended Complaint, the designates the following counts:

> **Count 1:** Eighth Amendment excessive force claim against William Christopher, Kelly Beal, and Billy Austin for their use of force against Tatum on August 6, 2023.
>
> **Count 2:** Eighth Amendment deliberate indifference to medical needs claim against Kelly Beal for denying Tatum access to medical care.
>
> **Count 3:** First Amendment retaliation claim against William Christopher, Kelly Beal, and Billy Austin for attacking Tatum in response to Tatum filing grievances.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

At this stage, Tatum states viable claims against the defendants. He adequately alleges that all three defendants used excessive force against him and that they did so in response to Tatum filing grievances at the prison. He also adequately alleges that Beal denied him medical care when Beal refused Tatum's requests for treatment and denied a nurse access to Tatum. Thus, Counts 1, 2, and 3 shall proceed.

### Motion for Counsel

Tatum also filed two motions requesting the assignment of counsel (Docs. 3, 25, 26). Tatum states that he needs counsel because he will have difficulties litigating his claims because he is no longer at the prison where his claims occurred. But given the early stage of the case, the Court finds that counsel is not necessary at this time. Defendants have yet been served nor have they filed Answers. Once all defendants have been served and filed Answers, the Court will enter a scheduling order with next steps in the litigation process. Should Tatum experience difficulties in proceeding with the case at that time, he may renew his request for counsel. At this time, Tatum's motions for counsel (Docs. 3, 25, 26) are **DENIED**.

### Disposition

For the reasons stated above, Count 1 shall proceed against William Christopher, Billy Austin, and Kelly Beal. Count 2 shall proceed against Kelly Beal and Count 3 shall proceed against William Christopher, Billy Austin, and Kelly Beal.

The Clerk of Court shall prepare for William Christopher, Billy Austin, and Kelly Beal: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms,

a copy of the Amended Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Tatum. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Tatum, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Tatum, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Tatum is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court

6

will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    DATED:  December 12, 2025

                                                **NANCY J. ROSENSTENGEL**
                                                **Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Amended Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**