**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

BOBBY TATUM,

      Plaintiff,

v.

WILLIAM CHRISTOPHER, BILLY
AUSTIN, and KELLY BEAL,

      Defendants.

Case No. 25-cv-1474-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Bobby Tatum, an inmate of the Illinois Department of Corrections who is currently incarcerated at Pinckneyville Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Shawnee Correctional Center.

The matter is currently before the Court on Tatum's motion for counsel (Doc. 65), motion to reconsider (Doc. 67), and motion for temporary restraining order (Doc. 72). Defendants have filed a response (Doc. 70) in opposition to the motion to reconsider.

### A. Motion to Reconsider

Tatum asks the Court to reconsider its Order denying his request to strike Defendants' Answer and requesting the production of certain documents (Doc. 63). Tatum's motion to strike argued that Defendants falsely denied in their Answer that Tatum suffered a head wound. He further argued that Defendants' affirmative defenses were inadequate and failed to respond to several allegations. The Court denied his

1

motion, finding that Defendants' Answer properly responded to the allegations and adequately raised affirmative defenses (Doc. 63, pp. 5-6). As to Tatum's request for video footage and grievance records, the Court denied his request as premature because a scheduling order had not yet been entered (*Id.* at p. 6). Tatum's motion to reconsider merely reiterates the arguments he raised in his original motions. *Vesely v. Armslist LLC,* 762 F.3d 661, 666 (7th Cir. 2014) (a motion to reconsider is "not to be used to rehash previously rejected arguments"). He fails to allege either a mistake of law or fact, nor does he point to newly discovered evidence. *Cincinnati Life Ins. Co. v. Beyrer,* 722 F.3d 939, 954 (7th Cir. 2013) (quoting *Blue v. Hartford Life & Acc. Ins. Co.,* 698 F.3d 587, 598 (7th Cir. 2012)). He merely disagrees with the Court's Order which is not a basis for reconsideration. *Oto v. Metro. Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000). Thus, his motion is **DENIED**. To the extent Tatum requests to stay the case in order to seek an appeal, his request is **DENIED** as Tatum fails to demonstrate that a stay is warranted in this case.

### B. Motion for Temporary Restraining Order

Tatum recently filed an emergency motion for temporary restraining order and/or preliminary injunction (Doc. 72). It appears that Tatum filed identical motions in three of his other pending cases (*Id.*). Tatum argues that on July 21, 2026, he was subjected to a cell search at Pinckneyville Correctional Center directed by Warden Barwick (*Id.* at p. 1). Tatum alleges that the officers who conducted the search later returned to his cell, ordered Tatum's removal from the cell, and directed him to drop his grievances involved

2

in his civil cases (*Id.*). He was then placed in an unsanitary cell (*Id.* at p. 3). Tatum requests a transfer from Pinckneyville.

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that a plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A Charles Alan Wright, Arthur R Miller, & Mary Kay Kane, Federal Practice and Procedure §2948 (2d ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). A plaintiff has the burden of demonstrating (1) a reasonable likelihood of success on the merits; (2) no adequate remedy at law; and (3) irreparable harm absent the injunction. *Planned Parenthood v. Commissioner of Indiana State Dep't Health*, 699 F.3d 962, 972 (7th Cir. 2012).

Tatum's motion raises new allegations that occurred at a different prison after the filing of this lawsuit. The allegations involve the actions of officials who are not defendants in this case. Although Tatum alleges the officers' actions were retaliation for several lawsuits he has pending in this district, he fails to allege that any of the defendants in this case were involved in the threats or in his current placement in an unsanitary cell. These are new, unrelated claims that Tatum cannot pursue in this case. To the extent Tatum alleges that he is facing retaliatory conduct from officers at his current prison, he would need to file a new lawsuit and seek injunctive relief in that case. His request for injunctive relief in this case is **DENIED**.

3

### C. Motion for Counsel

Finally, Tatum seeks the assignment of counsel because he has mental disabilities and his pending lawsuits are taking a mental toll on him (Doc. 65, p. 1). He argues that he needs counsel to obtain the necessary evidence that he will need for his pending cases, as well as documents he will need to seek an injunction (*Id*. at p. 2). But the Court finds Tatum capable of filing motions for discovery and injunctive relief on his own. In fact, Tatum has filed motions seeking injunctive relief and discovery. His requests for merits discovery was denied because discovery is currently limited to the issue of whether he exhausted his administrative remedies. To the extent that Tatum believes he has not received discovery that should have been disclosed pursuant to the Court's Initial Scheduling Order (Doc. 64), the Court finds Tatum capable of filing a motion on his own. Thus, his request for counsel is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  July 29, 2026**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**